MARCUS et al. v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Supreme Court, Appellate Term, First Department.   December 30, 1913.)

INSURANCE (§ 668*)—ACTION ON EMPLOYÉ'S BOND—PROOF REQUIRED.

Where, in an action on an employé's bond, plaintiffs proved that the employé collected and failed to pay over a certain sum, and after demand therefor disappeared and was arrested only after diligent search, and defendant offered no evidence, it was error to dismiss the complaint; plaintiffs' evidence being sufficient to make out a prima facie case of embezzlement and entitle them to recovery, in the absence of any proof contradictory thereof.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1732–1770;  Dec. Dig. § 668.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Nathan Marcus and another against the Fidelity & Deposit Company of Maryland.   From judgment for defendant, plaintiffs appeal.   Reversed, and new trial ordered.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Abraham Nelson, of New York City, for appellants.

O'Brien, Boardman & Platt, of New York City (Renwick F. H. Macdonald, of New York City, of counsel), for respondent.

SEABURY, J.   This action is brought upon a bond of the defendant conditioned to repay any loss to the plaintiffs which should occur by reason of any act of larceny or embezzlement on the part of their employé, one Thomsen.   The plaintiffs proved that Thomsen collected rents for them while acting for them in a fiduciary capacity.   It was also proved that Thomsen failed to pay to plaintiffs $359 of the money so collected.   The evidence shows that after the plaintiffs demanded this sum from Thomsen he disappeared, and that he was found and arrested only after a diligent search had been made for him.   It is conceded that the plaintiffs complied with all the provisions of their contract regarding notification to the defendant.   The defendant offered no evidence.   The court below rendered judgment dismissing the complaint.

The respondent contends that the evidence was insufficient to establish a larceny or embezzlement.   It is suggested by the respondent that Thomsen may have lost the money, or that some member of his family may have lost the money, or that Thomsen through some negligence on his part may not be able to account for the money which he collected and failed to pay over to the plaintiffs. The plaintiffs were not required by their proof to negative these several contingencies.   The evidence adduced made out a prima facie case of embezzlement, and, in the absence of any evidence to the contrary, justified the inference that Thomsen with criminal intent embezzled the money of his employers which he had collected for them in a fiduciary capacity.   The defendant had the right, if it were able to do so, to offer proof to show that Thomsen had not stolen the money, or that it was lost through

the act of some member of his family, or that his inability to account for it was occasioned by negligence on his part. In the absence of any evidence to sustain these suggestions, the plaintiffs were entitled to recover upon the bond sued upon.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event. All concur.